UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN A. WARREN,            )
                            )
            Petitioner,     )    Case No. 1:05-cv-651
                            )
v.                          )    Honorable Wendell A. Miles
                            )
STEPHEN B. MILLER,          )
                            )
            Respondent.     )
_____)

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner should have brought this habeas corpus action under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241.

**Discussion**

I.        Factual allegations

Petitioner is currently incarcerated at Mound Correctional Facility. A jury found Petitioner guilty of kidnapping, two counts of first-degree criminal sexual conduct (CSC), and felony murder in Calhoun County Circuit Court. Petitioner is serving a nonparolable life sentence for the felony murder. He is also serving concurrent sentences of thirty to sixty years for the kidnapping conviction and each count of the first-degree CSC convictions. These sentences were imposed by the Calhoun County Circuit Court on October 16, 1995. Petitioner subsequently filed a motion for relief from judgment in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's convictions on February 27, 1998. On July 11, 2000, the Michigan Supreme Court also affirmed Petitioner's convictions but reversed in part after finding that the Court of Appeals' rationale for its affirmance was in error.

Petitioner states his claims as follows:

THE HON. STEPHEN B. MILLER, IS WITHOUT ANY LAWFUL JURISDICTION TO HOLD THIS PLAINTIFF IN ANY IMPRISONMENT BY ANY ORDER OR JUDGMENT ISSUED BY HIM, WHERE THE CALHOUN COUNTY PROSECUTOR IS PROHIBITED FROM FILING ANY INFORMATION, WHERE THE 37TH JUDICIAL CIRCUIT COURT NEVER ACQUIRED ANY PERSONAM & SUBJECT MATTER JURISDICTION TO HOLD ANY CRIMINAL PROCESS, WHERE THE BIND OVER TO CIRCUIT COURT HAS NEVER BEEN CERTIFIED, NEVER BOUND THIS PLAINTIFF OVER TO APPEAR IN ANY CIRCUIT COURT ON ANY DATE AT ANY TIME, AND NEVER LISTED IN THE BIND OVER THE CRIME(S) BEING BOUND OVER, "AND NEVER CERTIFIED THE PROSECUTOR'S AUTHORIZATION FOR A WARRANT APPLICATION - THE COMPLAINT - A COPY OF THE REGISTER OF ACTIONS - THE EXAMINATION RETURN - AND FAILED TO CERTIFY ANY RECOGNIZES (SIC) RECEIVED," AS MANDATED PURSUANT

TO, MCL 766.15(1), MCR 6.110(G), AS DECLARED A RADICAL JURISDICTIONAL DEFECT BY THE MICHIGAN SUPREME COURT.

Petitioner has filed other actions in this court raising similar claims. *See Warren v. People,* 1:05-cv-314 (W.D. Mich.)(dismissing notice of removal for lack of subject matter jurisdiction); *Warren v. Michigan Dep't of Corr.*, 1:05-cv-652 (W.D. Mich.).

## II. Habeas Corpus Petition under 28 U.S.C. § 2241

Petitioner filed his application for habeas relief under 28 U.S.C. § 2241. Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmund v. United States,* 520 U.S. 651, 657 (1997); *Prieser v. Rodriquez,* 411 U.S. 475, 488 (1973)(holding that a prisoner challenging the validity of his confinement on federal constitutional grounds must rely on federal habeas corpus statutes, which Congress specifically designed for that purpose, rather than broad language of Section 1983). Here, Petitioner challenges his custody pursuant to the state court judgment of the Calhoun County Circuit Court under the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment.

Even though both Sections 2241 and 2254 authorize a petitioner to challenge the legality of his state custody, allowing a petitioner to file his "petition in federal court pursuant to

Section 2241 without reliance on Section 2254 would ... thwart Congressional intent." *Thomas v. Crosby,* 371 F.3d 782, 786 (11th Cir. 2004) (*citing Coady v. Vaughn,* 251 F.3d 480, 484-85 (3d Cir. 2001)). Many circuits have also held that regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by § 2254. *Byrd v. Bagley,* 37 F. App'x 94, 95 (6th Cir. 2002) (*citing Coady,* 251 F.3d at 484-85 (noting that Congress restricted the availability of second and successive petitions with respect to habeas petitions filed by state prisoners pursuant to § 2254 by way of § 2244(b). Allowing a petitioner to file a petition in federal court pursuant to § 2241 without reliance on § 2254 circumvents the procedural restrictions of § 2254.)) In *Greene v. Tennessee Dep't of Corr.,* 265 F.3d 369 (6th Cir. 2001), the Sixth Circuit agreed with the following language from the Seventh Circuit:

> [W]hen a prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)

*Id.* at 371 (quoting *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000)). *See also Long v. Commonwealth of Kentucky,* 80 F. App'x 410, 414 (6th Cir. 2003). Petitioner cannot evade the procedural requirements of § 2254 by filing a § 2241 petition. If § 2254 was not a restriction on § 2241's authority to grant the writ of habeas corpus, then § 2254 would serve no function at all as a state prisoner could avoid § 2254 limitations simply by writing '§ 2241' on his petition for federal post-conviction relief. *See Thomas v. Crosby,* 371 F.3d 782, 787 (11th Cir. 2004).

Rather than recharacterizing Petitioner's claims to § 2254 claims, this Court shall dismiss his claims without prejudice to avoid any adverse consequences with respect to any § 2254 claim he may file in the future. *See Martin v. Overton,* 391 F.3d 710, 713 (6th Cir. 2004) (finding the court should have dismissed petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than recharacterize it as a § 2254 petition without notice to petitioner).

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it should have been brought under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under

Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds for failing to file his habeas petition under 28 U.S.C. § 2254. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of petitioner's claims on procedural grounds for failing to file his habeas petition under 28 U.S.C. § 2254. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that

the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*   Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated:  November 9, 2005                                              /s/ Wendell A. Miles
                                                                                                          Wendell A. Miles
                                                                                                         Senior United States District Judge